**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4020

CHRISTOPHER TODD LITTLEJOHN, a/k/a
Chris,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-95-3)

Submitted: January 13, 1998

Decided: January 26, 1998

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON,
LAUGHRUN & LEVINE, Charlotte, North Carolina, for Appellant.
Deborah Ann Ausburn, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher Todd Littlejohn pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and waived his rights to appeal his conviction and sentence.[1] After granting the Government's motion for a sentence reduction based on substantial assistance,[2] the district court sentenced Littlejohn to seventy-eight months imprisonment, followed by a five-year term of supervised release. Littlejohn appeals his sentence.

Littlejohn's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), presenting three issues, but stating that, in his view, there are no meritorious issues for appeal. Littlejohn's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief; Littlejohn failed to do so. Because Littlejohn expressly waived his right to appeal, we dismiss.

A defendant may waive the right to appeal if that waiver is knowing and intelligent.[3] In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant.[4] We have held that if the district court fully questions a defendant regarding waiver of his right to appeal during the Fed. R.

_____

[1] The waiver excluded claims of ineffective assistance or prosecutorial misconduct. Littlejohn did not raise such a claim in this appeal.

[2] See 18 U.S.C. § 3553(e) (1994); United States Sentencing Guidelines Manual § 5K1.1 (1995).

[3] See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995).

[4] See id.

2

Crim. P. 11 colloquy, generally the waiver is valid and enforceable.[5] However, a waiver of appeal rights does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race,[6] or proceedings following entry of a guilty plea that were conducted in violation of a defendant's Sixth Amendment right to counsel.[7]

The transcript of Littlejohn's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. When the district court specifically asked Littlejohn about the waiver, he stated that he understood he was waiving his right to appeal. We find that Littlejohn's waiver is knowing and intelligent. Because Littlejohn has not raised any claim that is not precluded by his valid waiver of appeal rights, we dismiss the appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[5] **See United States v. Wessells** , 936 F.2d 165, 167-68 (4th Cir. 1991); see generally United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990).
[6] **See United States v. Marin**, 961 F.2d 493, 496 (4th Cir. 1992).
[7] **See United States v. Attar**, 38 F.3d 727, 732-33 (4th Cir. 1994).

3